UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HARVEY THOMAS SLANKSTER,

      Plaintiff,                           Case No. 08-11645

v.                                           Hon. Gerald E. Rosen

KMART CORPORATION, *et al.*,

      Defendants.
_____/

## ORDER STAYING CASE IN
## FAVOR OF PENDING BANKRUPTCY PROCEEDINGS

      At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on    April 2, 2009

    PRESENT:  Honorable Gerald E. Rosen
                         Chief Judge, United States District Court

      Defendants removed this case from a Michigan circuit court to this Court on April 17, 2008, citing as grounds for removal this Court's jurisdiction over (i) all cases arising under Title 11 of the United States Code, and (ii) all civil proceedings arising in or related to cases under Title 11.  *See* 28 U.S.C. § 1334(a), (b); *see also* 28 U.S.C. § 1452(a) (authorizing the removal of a claim or cause of action over which the district court has jurisdiction pursuant to § 1334).  In support of this theory of removal, Defendants point to (i) a Chapter 7 bankruptcy petition filed by Defendant Game Tracker, Inc. with the Bankruptcy Court for this District, *see In re Game Tracker, Inc.,* No. 04-34324 (Bankr. E.D. Mich.), and (ii) an adversary proceeding brought in the *Game Tracker* Chapter 7

proceedings in which the Trustee for Game Tracker is pursuing a successor liability claim against Defendant Eastman Outdoors, Inc., *see Sweet v. Eastman Outdoors, Inc. (In re Game Tracker, Inc.),* No. 06-3242 (Bankr. E.D. Mich) — *i.e.,* precisely the same theory of liability being pursued by Plaintiff against Defendant Eastman Outdoors in the present suit.  Defendants further note that Plaintiff has filed a claim in the Game Tracker bankruptcy proceeding, and that this claim remains pending.

In light of all this, it is evident that there is a substantial overlap between the claims asserted here and the matters being litigated in the Game Tracker bankruptcy proceedings.  Indeed, prior to its removal to this Court, the present suit evidently had been stayed in state court in recognition of its relation to the Game Tracker bankruptcy proceedings.  As the Court discussed with counsel at a September 29, 2008 conference, a stay remains appropriate following removal.  Accordingly,

NOW, THEREFORE, IT IS HEREBY ORDERED that, subject to further order of the Court, all proceedings in this case are STAYED in favor of the above-cited Game

Tracker Chapter 7 bankruptcy proceedings and the adversary proceeding brought by the Trustee against Defendant Eastman Outdoors, Inc. Any party to this suit may seek relief from this stay as warranted by subsequent developments in the Game Tracker bankruptcy proceedings.

                                                s/Gerald E. Rosen
                                                Chief Judge, United States District Court

Dated: April 2, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 2, 2009, by electronic and/or ordinary mail.

                                                s/LaShawn R. Saulsberry
                                                Case Manager